IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKY J. NICHOLAS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, Commission )<br>of the Social Security Administration, )<br>)<br>Defendant. ) | NO. CIV-08-0093-HE |

## ORDER

Plaintiff Ricky J. Nicholas instituted this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits under 42 U.S.C. §§ 416(i) and 423 and his application for supplemental security income benefits under 42 U.S.C. § 1382c(a)(3). Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Shon T. Erwin, who recommends that the Commissioner's decision be reversed and remanded for further administrative proceedings.

The parties, having failed to object to the Report and Recommendation, waived their right to appellate review of the factual and legal issues it addressed. United States v. 2121 East 30th Street, 73 F.3d 1057, 1059-60 (10th Cir. 1996). Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. #18] and **REVERSES** the final decision of the Commissioner and **REMANDS** the case for further administrative proceedings consistent with the Report and Recommendation, a copy of which is attached to this order.

**IT IS SO ORDERED.**

Dated this 2nd day of March, 2009.

　　　　　　　　　　　　　　　　　　／s／ Joe Heaton
　　　　　　　　　　　　　　　　　　JOE HEATON
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKY J. NICHOLAS,<br><br>              Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>              Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No.    CIV-08-0093-HE<br>)<br>)<br>)<br>)<br>)<br>) |

## **FINDINGS & RECOMMENDATION OF MAGISTRATE JUDGE**

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423 and his application for supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings.**

### PROCEDURAL HISTORY

Plaintiff filed his applications for DIB and SSI on July 14, 2003, alleging a disability since May 10, 2001 (TR. 54-56, 15). The applications were denied on initial consideration and on reconsideration at the administrative level (TR. 21, 22, 15). Pursuant to the Plaintiff's request, a hearing *de novo* was held before an Administrative Law Judge (ALJ) on July 21, 2006 (TR. 772-796). At the hearing, the Plaintiff appeared in person and with his attorney and offered his testimony in support of the applications (TR. 775-790). A vocational expert (VE) testified at the request of the ALJ (TR. 790-795). The ALJ issued his decision on October 27, 2006 finding that Plaintiff was not disabled and was therefore not entitled to DIB or SSI. (TR. 15-20). The Appeals

Council denied the Plaintiff's request for review on November 30, 2007, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 5-7).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability applications the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 17). At step two, the ALJ concluded that Plaintiff's chronic spondylosis, pancreatitis, and depression were severe impairments (TR. 17). At step three, the ALJ found that the Plaintiff's impairments did not meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 18). At step four, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform his past relevant work (PRW) (TR. 19). Thus, at step four of the sequential analysis the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act for the

2

relevant period ending September 30, 2002, and was therefore not entitled to DIB or SSI (TR. 20, 17).

On appeal to this Court, Plaintiff alleges the following: (I) that the ALJ failed to properly document the file with regard to Plaintiff's condition; (II) that the ALJ erred by failing to recognize all of Plaintiff's diagnosed impairments as severe; (III) that the ALJ erred by formulating a RFC assessment which failed to include all of Plaintiff's limitations; and (IV) that the ALJ made an improper credibility assessment.

## MEDICAL EVIDENCE

In May 2001, Plaintiff was examined by David Blackshaw, M.D., after a work related back injury (TR. 99). Dr. Blackshaw found that Plaintiff had "tenderness along the midline extending from L1 to about L4"; and that he had some mild muscular tenderness in the paraspinal muscles (TR. 99). Dr. Blackshaw also found that Plaintiff's range of motion was "fairly significantly limited, particularly flexion and extension of the back" (TR. 99). Dr. Blackshaw reviewed x-rays of Plaintiff's lumbar spine and found he had no bony injury; and that he had only "very mild degenerative change" (TR. 100). Dr. Blackshaw's impression was of lumbar strain (TR. 100).

In October 2001, Plaintiff was examined by Nathan Bradley, M.D., who found that Plaintiff had tenderness at about the L2 level; that he had "a little bit of a flexion deformity" at L2; and that he had limited flexion and extension of his lumbar spine (TR. 114). Dr. Bradley recommended that Plaintiff have physical therapy twice a week; and that he increase his activity level (TR. 114).

Records from the VA Medical Clinic indicate that in May 2003 Plaintiff was examined by Antoni Gofron, M.D., who reported that Plaintiff had pain, swelling and limitation of motion in his right elbow; and that fluid was drained from the elbow (TR. 185). In July 2003, Plaintiff was examined by Amir Ilyas, M.D., and was diagnosed with a pituitary adenoma which Dr. Ilysas believed may be causing his headaches (TR. 169, 171). Plaintiff was prescribed pain medication for his headaches (TR. 169). In August 2003, Plaintiff was examined by Kimberly Porter, M.D., who

3

found that Plaintiff had limited flexibility of his left elbow with tenderness to palpation (TR. 181). She diagnosed Plaintiff as having bursitis (TR. 181). In September 2003, Plaintiff was examined by Ken Williams, M.D., who found that Plaintiff had headaches and a diagnosis of pituitary adenoma "which may be growing" (TR. 128). In October 2003, Kristin Francis, M.D. reported that Plaintiff had a recurrence of his pituitary adenoma in the summer; that he would likely need surgery; and that his headaches were "being controlled with lortab" (TR. 724, 722).

Also in October 2003, a Physical RFC Assessment was completed by agency physicians who concluded that Plaintiff could occasionally lift and/or carry 50 pounds and frequently lift and/or carry 25 pounds; and sit, stand and/or walk for a total of about six hours in an eight hour workday (TR. 151). The agency physicians further concluded that Plaintiff had no other exertional, postural, manipulative, visual, communicative, or environmental limitations (TR. 151-154).

At the hearing, Plaintiff testified that he could not work because of his back injury, depression, and alcoholism (TR. 776). He stated that it was difficult for him to be around people; that cannot "overdo it"; and that he "can't do anything without being winded from the COPD and everything" (TR. 776). He further testified that his brain tumor causes severe headaches and memory and concentration problems; and that he takes three types of pain medication for the headaches (TR. 777, 781). He testified that just "carrying on a conversation" would cause him to get winded and have to catch his breath or use an inhaler (TR. 780). Plaintiff further testified that his typical day involves getting up, making coffee, and heading for his recliner to read the paper (TR. 784). Plaintiff stated as to his pain medications "sometimes they don't seem like they're working" (TR. 788).

On appeal Plaintiff has made several assertions of error---most of which stem from the Commissioner's failure to acknowledge at step two that Plaintiff's pituitary adenoma, COPD and bursitis were severe impairments. Step two of the Sequential Evaluation Process, is governed by the

Secretary's "severity regulation." *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988). The "severity regulation" provides that:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, [the Secretary] will find that you do not have a severe impairment and are, therefore, not disabled. [The Secretary] will not consider your age, education, and work experience.

20 C.F.R. § 404.1520(c). Pursuant to this regulation, claimant must make a "threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities." *Williams*, 844 F.2d at 751. This threshold determination is to be based on medical factors alone. Vocational factors, such as age, education, and work experience, are not to be considered. *Bowen*, 482 U.S. at 153; *Williams*, 844 F.2d at 750.

The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1520(b). These abilities and aptitudes include the following:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of Judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine setting.

20 C.F.R. § 404.1521(b).

Plaintiff's burden on the severity issue is *de minimis*. *Williams*, 844 F.2d at 751. As the United States Supreme Court explains, the Secretary's severity regulation

> increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are **so slight** that it is unlikely they would be found to

5

> be disabled even if their age, education, and experience were taken into account.

*Bowen*, 482 U.S. at 153 (emphasis added). The Secretary's own regulations state that

> [g]reat care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued.

Social Security Ruling 85-28 (1985). In other words, step two "is an administrative convenience [used] to screen out claims that are 'totally groundless' solely from a medical standpoint." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam) (quoting *Farris v. Secretary of HHS*, 773 F.2d 85, 89 n. 1 (6th Cir. 1985)).

The record contains medical evidence of Plaintiff's pituitary adenoma, COPD and bursitis, treatment of these impairments, and their impact on Plaintiff's ability to do basic work activities. Thus, it is apparent that the ALJ erred in not finding at step two that Plaintiff's pituitary adenoma, COPD and bursitis were severe and further erred in not considering these impairments in determining his RFC. The ALJ's finding at step two taints the RFC determination and the balance of the sequential evaluation, therefore, Plaintiff's remaining assertions of error will not be addressed in the report and recommendation. However, on remand, the ALJ should consider Plaintiff's pituitary adenoma, COPD and bursitis in formulating his RFC and in completing the remaining steps of the sequential evaluation process.

In December 2003 the Veterans Administration ("VA") determined that Plaintiff was "unable to secure and follow a substantially gainful occupation due to disability", effective November 7, 2003, the date of receipt of the claim. (TR. 58). In making its disability determination VA stated that the "evidence shows you to be disabled due to your disabilities of depression, hypertension, chronic obstructive pulmonary disease, headaches, and bursitis right and left elbows" (TR. 58).

6

In his decision the ALJ fails to even mention this VA rating decision. An ALJ must consider a VA disability rating in making his decision. *Baca v. Dept. of HHS*, 5 F.3d 476, 480 (10th Cir. 1993). "Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered." *Id.* Plaintiff has been evaluated for disability by the VA from December 2002 to the present; and had received treatment at VA since August 2000 (TR. 157-769). The rating may provide evidence that Plaintiff is disabled within the meaning of the Social Security Act. The ALJ has the duty to develop the record relating to the other agency's disability findings. *Baca* at 479-480. The *Baca* court stated that even though a Social Security claimant has the burden of providing medical evidence establishing disability, "the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues." *Baca* at 479-480. (citations omitted). This duty exists even when the claimant is represented by counsel. *Baca* at 480 (citations omitted).

On remand the Commissioner should consider and state his reasoning, specific to Plaintiff's case, for the weight, if any, given to Plaintiff VA disability rating; and also consider and discuss the evidence underlying that rating.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 2nd day of February, 2009.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE